[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION
CT Page 4451
The defendant seeks to modify the judgment of the New York State Supreme Court entered in April 29, 1997. The motion is dated November 20, 1988 (109). The defendant has previously been found in contempt by this Court and incarcerated for failure to pay child support. There is presently due and owing for child support the sum of $24,107, representing $17,526 as of December 22, 1998, and $6581 as of March 29, 1999.
The defendant was employed by Carl Zeiss at the time the New York dissolution judgment was entered and was earning $80,000 per year pre-tax. Carl Zeiss went out of business on October 27, 1997, and defendant lost his job. He subsequently was employed by Blockbuster Video on June 1, 1998 and was earning $45,000 per year pre-tax when he was terminated in November, 1998. He claims the termination resulted from his unavailability while he was incarcerated pursuant to this Court's judgment of contempt.
The Court is satisfied that defendant is without assets to pay the original New York order. He presently works for Kolb Ford and earns $300 per week gross. He has had many interviews for employment including face to face interviews in Virginia. He has even applied to drive for a limousine company in Bedford Hills, New York, but to no avail.
The Court must apply New York substantive law with respect to this motion. The defendant has demonstrated that there is both a substantial change in circumstances including financial hardship. He has met the burden of establishing an "unanticipated and unreasonable change in circumstances." Ruggerio v. Ruggerio,173 App.Div.2d 595 (2nd Dept. 1991). The Court has not considered plaintiff's present financial circumstances.
It is the finding of the Court that based upon an order of $525 a week there is an arrearage of $24,107 as of March 29, 1999. The Court finds that defendants income was $45,000 for the 1998 tax year. The New York Supreme Court judgment is modified as follows. The weekly order for child support ($196) and child care expense ($85) shall be $281 per week (see worksheet attached hereto). The Court finds that said sum is due on a weekly basis retroactive to December 23, 1998, the date of the Court's memorandum of decision. The arrearage up to December 22, 1998 remains $17,526. The arrearage of $6581 is reduced to $3165 (fourteen weeks at $244). CT Page 4452
Owens, J.
SUPREME COURT OF THE STATE OF NEW YORK
1 COUNTY OF WESTCHESTER
2
KAREN BOSSHART, Index No.: 2015194
Plaintiff, CHILD SUPPORT
— against — WORKSHEET
WILLIAM W. BOSSHART,
Defendant
This worksheet is submitted by Defendant who is the non-custodial parent in the above captioned action. All numbers used are YEARLY figures; weekly or monthly amounts have been converted to annualized numbers. [References are to DRL Section 240(1-b)1.
FATHER MOTHER
3 STEP 1 MANDATORY PARENTAL INCOME
1. Gross (total) income (as reported on most recent Federal tax return, or as computed in accordance with Internal Revenue Code and regulations) [(b)(5)(i)]: 45,000 41,707
The following items MUST be added if not already included in Line 1:
2. Investment income [(1})(5)(ii)]:
3. Workers' compensation [(b)(5)(iii)(A)]:
4. Disability benefits [(b)(5)(iii)(B)]:
5. Unemployment insurance benefits [(b)(5)(iii)(C)3: CT Page 4453
6. Social Security benefits [(b)(5)(iii)(D)]:
7. Veterans' benefits [(b)(5)(iii)(E)]:
8. Pension/retirement income [(b)5(iii)(F)]:
9. Fellowships and stipends [(b)(5)(iii)(G):
10. Annuity payments [(b)(S)(iii)(H)]:
11. If self-employed, depreciation greater than straight-line depreciation used in determining business income or investment credit tbX5xvi)(A)]
12. If self-employed, entertainment and travel allowances deducted from business income to e extert the allow=.ces reduce personal expenditures [(b)(5)(vi)(B)]:
13. Former income voluntarily reduced to avoid child support [(b)()(v)]:
14. Income voluntarily deferred [(b)(5)(iii)]:
List how you obtained the defendant's income for these calculations:
1998 INCOME OF THE PARTIES
A. TOTAL MANDATORY INCOME: 45,000 41,707
 STEP 2 NON-MANDATORY PARENTAL INCOME
15. Income attributable to non-income producing assets [(b)(5)(iv)(A)}:
16. Employment benefits that confer personal economic benefits (such as meals, lodging, memberships, autos, etc.) [0(5)(iv)(B)]:
17. Fringe benefits of employment [(b)(5)(iv)(C)]:
18. Money, goods and services provided by relatives and friends: (b)(5)(iv)(D)]:
B. TOTAL NON-MANDATORY INCOME: CT Page 4454
C. TOTAL INCOME (add Line A + Line B): 45,000 41,707
STEP 3 DEDUCTIONS
 19. Expenses of investment income listed on line 2 [(b)(5)(ii)]:
 20. Unreimbursed business expenses that do not reduce personal expenditures [(b)(5)(vii)(A)]:
 21. Alimony or maintenance actually paid to a former spouse: [(b)(5)(vii)(B)]:
 22. Alimony or maintenance paid to the other parent but only if child support will increase when alimony stops [(b)(5)(vii)(C)]:
 23. Child support actually paid to other children the parent is legally obligated to support[(b)(5)(vii)(D)]:
24. Public assistance [(b)(5)(vii)(E)]:
25. Supplemental security income [(b)(5)(vii)(F)]:
 26. New York City or Yonkers income or earnings taxes actually paid [(b)(5)(Vii)(G)]
 27. Social Security taxes (FICA) actually paid [b(5)(vii)(H)]: 3,577.00 4,685.46
g D. TOTAL DEDUCTIONS: 3,577.00 4,685.46 10 E. FATHER'S INCOME (line C minus Line D): 41,423.00
11. F. MOTHER'S INCOME (Line C minus Line D): 37,021.00
STEP 4 [(b)(4)]
12 G. COMBINED PARENTAL INCOME (Line E + Line F): 78,444.00
STEP 5 [(b)(3) and (c)(2)]
MULTIPLY Line G (up to $80,000) by the proper percentage (17% for 1 child, 25% for 2 children, 29% for 3 children, 31% for 4 children, or 35% (minimum) for 5 or more CT Page 4455 children) and insert in Line H.
13. H. COMBINED CHILD SUPPORT: . . . . . . $19,611.00
14 STEP 6 [(C)(2)]
I. DIVIDE the noncustodial parent's amount on Line E or Line F: by the amount of Line G:
to obtain the percentage allocated to the noncustodial parent: 52%
STEP 7 [(c)(2)]
13 J. MULTIPLY line H by line I: 10,197.72*
STEP 8 [(c)(3)]
]:6 K DECIDE the amount at child support to be paid on any combined parental income exceeding 580,000 per year using the percentages in STEP 5 or the factors in STEP 11-C or both:
17 L. ADD Line J and line K: $196.00 PER WEEK IS RECOMMENDED CHILD SUPPORT
This is the amount of child support to be paid by the noncustodial parent to the custodial parent for all costs of the children, except for child care expenses, health care expenses, and college, post-secondary, private, special or enriched education.
STEP 9 SPECIAL NUMERICAL FACTORS
18 CHILD CARE EXPENSES
M. Cost of child care resulting from custodial parent's: working;_ attending elementary education;_ attending secondary education;_ attending hgher education;_ attending vocatior, al aining leading to employment: [(c)(4)] _seeking work [(c)(6)]: 8,500.00 CT Page 4456
(Form 'ul)-8)
19 N. MULTIPLY Line M by Line I: 4,420.00*
This is the amount the noncustodial parent must contribute to thecustodial parent for child care.
HEALTH EXPENSES [(c)(5)]
28. O. Reasonable future health care expenses
not covered by insurance:
29 P. MULTIPLY Line O by Line I:
This is the amount the noncustodial parent must contribute to the custodial parent for health care or pay directly to the health care provider.
2? Q. EDUCATIONAL EXPENSE If appropriate, see STEP 11(b) [(c)(7)]
: STEP 10 LOW INCOME EXEMPTIONS [(d)]
R Insert amount of noncustodial parent's income from line E or line F:
S. Add amounts on lines L, N, P and Q
(This total is "basic child support"): 14,617.72*
T. SUBTRACT line S from line R:
If Line T is more than the self-support reserve for this current year, then the low income exemptions do not apply and child support remains as determined in STEPS 8 and 9. If so, go to STEP 11. The self-support reserve is 135% of the official Federal poverty level for a single person household as promulgated by the U.S. Dept. of Health and Human Services and modified on April 1st of each year. CT Page 4457
If Line T is less than the Federal poverty level for this current year, then complete Lines U, V and W.
24 U. Insert amount of non-custodial parent's income from line E or line F:
25 V. Self-support reserve
26 W. Subtract line V from line U:
(To,m u 3)
If Line W is more than $300 per year, the Line W is the amount of basic child support. If Line W is less than $300 per year then basic child support must be a minimum of $300 per year. The defendant may attempt to show that he/she cannot pay this minimum amount.
If Line T is greater than Federal poverty level for 1997, but is less than the self-support reserve, then complete Lines X, Y and Z.
27 X Insert amount of noncustodial parent's income from Line Eor Line F:
28 Y. Self-support reserve:
29 Z. SUBTRACT Line Y from Line X: /A.
If Line Z is more than $600 per year, then Line Z is the amount of basic child support. If Line Z is less than $600 per year, then basic child support must be a minimum of $600 per year. The defendant may attempt to show that he/she cannot pay the minimum amount.
38 STEP 11 NON-NUMERICAL FACTORS
(a) NON-RECURRING INCOME [(e)]
A portion of non-recurring income, such as life insurance proceeds, gifts and inheritances or lottery winnings, may be allocated to child support. The law does not mention a specific percentage for such non-recurring income. Such support is not modified by the low income exemptions. Enter any relevant CT Page 4458 information:
(b) EDUCATIONAL EXPENSES [(c)(7)]
New York's child support law does not contain a specific percentage method to determine how parents should share the cost of education of their children. Traditionally, the courts have considered both parents' complete financial circumstances in deciding who pays how much. The most important elements of financial circumstances are income, reasonable expenses, and financial resources such as savings and investments. Enter any relevant information:
(c) ADDITIONAL FACTORS [(fl]
Section 240(1-b) of the Domestic Relations Law lists 10 factors that should be considered in deciding on the amount of child support for (i) combined incomes of more than $80,000 per year or (ii) to vary the numerical result of these steps because the result is "unjust or inappropriate."
(Form [-8)
These factors are:
1. The financial resources of the parents and the child.
2. The physical and emotional health of the child and his/her special needs and aptitudes.
3. The standard of living the child would have enjoyed if the marriage or household was not dissolved.
4. The tax consequences to the parents.
5. The non-monetary contributions the parents will make toward the care and well-being of the child.
6. The educational needs of the parents.
7. The fact that the gross income of one parent is substantially less than the gross income of the other parent.
8. The needs of the other children of the noncustodial parent for whom the noncustodial parent is providing support, but only CT Page 4459 (a) if Line 22 is not deducted; (b) aher considering the financial resources of any other person obligated to support the other children; and (c) if the resources available to support the other children are less then the resources available to support the children involved in this matter.
9. If a child is not on public assistance, the amount of extraordinary costs of visitation (such as out-of-state travel) or extended visits (other than the usual two to four week summer visits), but only if the custodial parent's expenses are substantially reduced by the visitation involved.
10. Any other factor the court decides is relevant.
Enter any relevant information:
NON-JUDICIAL DETERMINATION OF CHILD SUPPORT [(h)]
Outside of court, parents are free to agree to any amount of support, so long as they sign a statement that they have been advised of the provisions of Section 240(1-b) of the Domestic Relations Law. However, the court cannot approve agreements of less than $300 per year. This minimum is not per child, meaning that the minimum for three (3) children is $300 per year, not $900 per year. In addition, the courts retain discretion over awards of child support.
PREPARED ON BEHALF OF WILLIAM W. BOSSHART BYDAVID P. BALL, ESQ. HIS ATTORNEY IN CONNECTICUT.